201-07/GMV/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Gina M. Venezia (GV 1551)
Pamela L. Schultz (PS 0335)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EUROTRADE INC., LIBERIA

        Plaintiff,

- versus -

SOURCE LINK SHIPPING CO. LTD., BVI

        Defendant

---

JUDGE SCHEINDLIN

07 Civ. 3172

**VERIFIED COMPLAINT**

Plaintiff EUROTRADE INC., LIBERIA ("EUROTRADE"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant SOURCE LINK SHIPPING CO. LTD., BVI ("SOURCE LINK"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime contract. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

2. At all times relevant hereto, Plaintiff EUROTRADE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at c/o Eurobulk Ltd. Aethrion Center, Ag. Konstantinou Avenue, 151 24 Maroussi, Greece.

3. At all times relevant hereto, Defendant SOURCE LINK was and still is a business entity duly organized and existing under the laws of a foreign country with an address at 15d Deji Mansion, 188 Changjiang Road, Nanjing, 210018 P.R. China.

4. On or about November 17, 2006, Plaintiff, as buyer, entered into a freight contract for the purchase of certain freight obligations from Defendant at a contract rate of $26,500 per day for 91 days in each April, May and June, 2007 on a certain ocean trade route. The contract involved the purchase and sale of ocean freight futures and in effect, insured Plaintiff against marine risks entered into by Plaintiff for obligations to deliver ocean vessels arising under contracts of affreightment during the subject period.

5. Pursuant to the contract between Plaintiff and Defendant, Defendant became obligated to pay Plaintiff the difference between the contract rate of $26,500 per day and a settlement rate of $41,469 per day for each of the 30 days in April, or, in other words, the sum of $449,070.00

6. Despite Defendant's obligation to pay Plaintiff the sum of $449,070.00, Defendant has announced its intention and/or inability to pay the amount.

7. Additionally, Defendant has improperly repudiated the contract for the May and June 2007 months, for which Defendant is liable to Plaintiff under the governing law in the amount of $913,109.00

8. The charter party provides it is to be governed by English law and that any disputes between the parties are subject to English jurisdiction. EUROTRADE specifically reserves its right to proceed in any forum as provided by the applicable contract.

9. Under English law, Plaintiff has a cause of action against Defendant for breach of contract when Defendant expresses and/or evidences its intention not to fulfill its obligations under the contract.

10. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable.

11. Plaintiff EUROTRADE has fulfilled all obligations required of it under the contract.

12. This action is brought to obtain security in favor of EUROTRADE in respect to its claims against SOURCE LINK and in aid of English proceedings.

13. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney fees and costs in the English proceedings estimated to be USD $50,000 and interest on the amounts owed at a rate of 6% until the entry of judgment in two (2) years estimated to be USD $172,305.00.

14. Therefore, Plaintiff seeks an attachment pursuant to Rule B in the amount of USD $1,584,484.00.

15. Upon information and belief, and after investigation, Defendant SOURCE LINK cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant in the amount of $1,584,484.00 (collectively hereinafter, "ASSETS"), including but not limited to

ASSETS at, moving through, or within the possession, custody or control of banking institutions including but not limited to ABN Amro, American Express Bank, Atlantic Bank, BNP Paribas, Bank of America, Citibank NA, Deutsche Bank Trust Co., HSBC, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia and/or other institutions or such other garnishees who may be served with a copy of the process of Attachment issued herein.

    WHEREFORE, Plaintiff EUROTRADE prays:

a.    That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it;

b.    That since Defendant cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendant up to and including the sum of **$1,584,484** may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant including but not limited to such assets as may be held, received or transferred in its name or as may be held, received or transferred for its benefit, at, moving through, or within the possession, custody or control of banking institutions including but not limited to: ABN Amro, American Express Bank, Atlantic Bank, BNP Paribas, Bank of America, Citibank NA, Deutsche Bank Trust Co., HSBC, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York,

Wachovia, and/or any other garnishee(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served; and

c.  That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
April 20, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
EUROTRADE INC., LIBERIA

By: _____
Gina M. Venezia (GV 1551)
Pamela L. Schultz (PS 0335)
80 Pine Street
New York, NY 10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

GINA M. VENEZIA, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by English solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Gina M. Venezia

Sworn to before me this
20 day of April 2007

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

NYDOCS1/281734.1                     6